UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARUN K., | |
| Petitioner, | No. 1:26-cv-00518-TLN-CSK |
| v. | **ORDER** |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

This matter is before the Court on an Order to Show Cause why a preliminary injunction should not issue (ECF No. 4) after granting Petitioner Arun K.'s ("Petitioner") underlying Motion for Temporary Restraining Order ("TRO") (ECF No. 2).  Respondents filed an opposition to preliminary injunction.  (ECF No. 7.)  Petitioner replied.  (ECF No. 8.)  The parties did not request a hearing.  (ECF Nos. 7, 8.)  For the reasons set forth below, the Court issues a preliminary injunction.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is a native and citizen of India and an asylum applicant in the United States. (ECF No. 1 at 4.)  On October 15, 2024, Petitioner entered the United States seeking protection

---

[1]     The facts are not disputed.

1

and was initially apprehended by immigration authorities. (*Id.* at 5.) The next day, the U.S. Department of Homeland Security ("DHS") released Petitioner on his own recognizance under 8 U.S.C. § 1226. (*Id.*) Petitioner then filed an application for asylum and his application is still pending. (*Id.*)

Petitioner asserts he does not have a criminal record, has no history of violence or dangerous behavior, and has consistently demonstrated compliance with immigration authorities throughout his detention. (*Id.* at 4.) Nevertheless, on August 2, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") at his home without any notice or a hearing. (*Id.* at 5.) Respondents further denied Petitioner a post-detention bond hearing. (*Id.* at 5.) Petitioner was detained nearly six months without a hearing on the basis of a DHS policy change. (*See id.*)

On January 21, 2026, Petitioner challenged the lawfulness of his civil detention through a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1, 2.) On January 22, 2026, the Court found Petitioner was likely to succeed on his claims that his detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause and ordered Petitioner's release. (ECF No. 4.) Now the Court determines whether the relief should continue as a preliminary injunction.

## II.   STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a

likelihood of irreparable injury and that the injunction is in the public interest." *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction.  *Id.* at 1134–35.

### III.    ANALYSIS

This Court has already found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.  (ECF No. 4.)  Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

Respondents oppose a preliminary injunction on the grounds that Petitioner has no liberty interest because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2]  (ECF No. 7 at 1–2.)  The Court already addressed the question of Respondents' statutory authority for detention and found that Petitioner was subject to 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2).  (ECF No. 4 at 4.)  Respondents provide no new facts, argument, or case law to alter the Court's findings as set out in the TRO.  (*See generally* ECF No. 7.)  This Court made clear it would not reconsider its position without such a showing.  (ECF No. 4 at 4.)  Without further argument or substantive opposition to the preliminary injunction, the Court finds such relief is warranted.

### IV.    CONCLUSION

Accordingly, to prevent further irreparable harm, the Court issues the following PRELIMINARY INJUNCTION.  IT IS HEREBY ORDERED:

1.  Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions

---

[2]    In the alternative, Respondents request the Court hold this matter in abeyance pending the Ninth's Circuit's resolution of *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may bear on one of the claims in this case.  (ECF No. 7 at 2.)  The Court declines to hold this case in abeyance.  As this Court has said previously, it will not delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim.

on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: February 9, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE